UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

SEAN M. DONAHUE,  :
                                            :   CIVIL ACTION NO. 3:13-CV-1271
      Plaintiff  :
                                            :   (JUDGE NEALON)
    v.  :   (MAGISTRATE JUDGE BLEWITT)
                                            :
LUZERNE COUNTY CORRECTIONAL  :
FACILITY, ET AL.,  :
                                            :
      Defendants  :

FILED SCRANTON
JUL 3 0 2013
PER /m/
DEPUTY CLERK

## MEMORANDUM

On May 9, 2013, Plaintiff, Sean M. Donahue, who was confined[1] in the Luzerne County Correctional Facility ("LCCF"), Wilkes-Barre, Pennsylvania filed a pro se civil rights complaint. (Doc. 1). The complaint names the LCCF and the Luzerne County Elections Office as Defendants. (Id.). Plaintiff alleges that in October 2012, he asked the LCCF to register him to vote and that although his prison counselor called several times, the Luzerne County Elections Office "decided not to oblige", which Plaintiff believes was due in part to the politicized nature of his case. (Id.). He filed a motion for leave to proceed in forma pauperis on May 24, 2013. (Doc. 5).

Pursuant to the screening requirements of the Prison Litigation Reform Act, Magistrate Judge Thomas M. Blewitt reviewed the complaint. See (Doc. 10) (citing Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996); 28 U.S.C. § 1915[2]). On June 7, 2013, Magistrate Judge Blewitt

---

[1] Plaintiff has since been released on bail. See (Docs. 6-7).

[2] Title 28 U.S.C. § 1915(e)(2)(B) states: "the court shall dismiss the case at any time if the court determines that-- ... the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

issued a Report and Recommendation ("R&R") recommending that the complaint be dismissed with prejudice against the named Defendants, but that Plaintiff be allowed to file an amended complaint to properly state a claim against Luzerne County. (Id.). On June 13, 2013, Plaintiff filed a motion for the appointment of counsel, which includes an "objection to dismissal." (Docs. 11-14). The objection states:

> I, Sean M. Donahue, object to the dismissal of the above captioned docket. Doing so will allow an injustice to go unchecked simply because I do not have an attorney representing me in this matter. I am a layman of the law and am willing to change the relief requested but I want the matter to be heard by a jury.

(Id.). Notably, the motion/objection is dated June 7, 2013, the same day the R&R was issued. (Id.).[3] No other objections have been filed and, for the reasons set forth below, the R&R will be adopted.

**Standard of Review**

When objections to a report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a de novo review of those portions of the report to which specific objections are made. See Henderson v. Keisling, 386 Fed. Appx. 164, 166 (3d Cir. 2010) (explaining that "only those 'specific objections' made by [the plaintiff] must be separately considered by the District Court"), citing Goney v. Clark, 749 F.2d 5, 67 (3d Cir. 1984) ("providing a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process"). The written objections must "specifically identify the portions of the proposed

---

[3]Between April 22, 2013, and June 11, 2013, Plaintiff filed twenty-three (23) civil rights complaints. He filed an identical motion/objection in nineteen of those cases. See e.g. Donahue v. Luzerne County Correctional Facility, et al., No. 13-cv-1272 at (Doc. 11) (M.D. Pa. 2013).

2

findings, recommendations or report to which objection is made and the basis for such objections." M.D. Pa. Local Rule 72.3. In the absence of specific objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. See Sanders v. Downs, 2013 U.S. Dist. LEXIS 89743, *8-9 (M.D. Pa. 2013) (Caputo, J.) (explaining that the court reviews those portions of the R&R to which specific objections are made de novo, while the "remainder of the R&R is reviewed for clear error"); Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); M.D. Pa. Local Rule 72.3.

**Discussion**

In the instant action, Plaintiff's "objection to dismissal" contains no specific objection to any portion of the R&R. Accordingly, the R&R is reviewed for clear error.

The R&R thoroughly outlines the required elements of a section 1983 action and explains that each named defendant must be shown to be personally involved in the alleged constitutional deprivations. (Doc. 10, pp. 3-5). Magistrate Judge Blewitt determines that Defendant LCCF is not a proper defendant in a section 1983 action because it is not a "person" subject to suit under federal civil rights laws. (Id. at p. 6) (citing Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989)). Similarly, Defendant Luzerne County Elections Office is not a proper defendant because it is merely a department of Luzerne County and not a separate legal entity subject to suit. (Id. at p. 7) (citing K.S.S. v. Montgomery County Bd. of Comm'rs, 871 F. Supp. 2d 389, 395 (E.D. Pa. 2012)). The Magistrate Judge concludes that it would be futile to afford Plaintiff

an opportunity to file an amended complaint against either Defendant. (Doc. 10, p. 7) (citing Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002)). However, the R&R explains that Luzerne County may be named as a defendant if Plaintiff can establish that the County "'maintain[ed] an unconstitutional custom or policy that caused the alleged constitutional violation.'" (Id. at pp. 7-8), quoting Meyers v. Schuylkill County Prison, 2006 U.S. Dist. LEXIS 12564, *28 (M.D. Pa. 2006) (McClure, J.). Magistrate Judge Blewitt decides that the instant complaint fails to include such allegations and therefore fails to state a claim, but that Plaintiff should be given an opportunity to file an amended complaint to properly name Luzerne County as a defendant and to sufficiently state a constitutional claim. (Doc. 10, p. 9).

Having reviewed the R&R for clear error and finding none, it will be adopted. Both named Defendants will be dismissed with prejudice. Plaintiff will be allowed to file an amended complaint against Luzerne County that must contain sufficient allegations of a constitutional violation. Plaintiff is advised that the "amended complaint must be complete in all respects." Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992) (Conaboy, J.). It must be a new pleading which stands by itself without reference to the original complaint. Id. The amended complaint "may not contain conclusory allegations[; r]ather, it must establish the existence of specific actions by the defendants which have resulted in constitutional deprivations." Id. (citing Rizzo v. Goode, 423 U.S. 362 (1976)). "The amended complaint must also be 'simple, concise, and direct' as required by the Federal Rules of Civil Procedure." Id. (citing FED. R. CIV. P. 8(e)(1)).

## Motion to Appoint Counsel

Although prisoners have no constitutional or statutory right to appointment of counsel in

4

a civil case, Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997), the court has discretion to request "an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); see also Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002); Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993). The United States Court of Appeals for the Third Circuit has stated that appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case has some arguable merit in fact and law. Montgomery, 294 F.3d at 499. If a plaintiff overcomes this threshold hurdle, other factors to be examined are:

(1)  the plaintiff's ability to present his or her own case;
(2)  the difficulty of the particular legal issues;
(3)  the degree to which factual investigation will be necessary and the ability of the claimant to pursue investigation;
(4)  the plaintiff's capacity to retain counsel on his or her own behalf;
(5)  the extent to which the case is likely to turn on credibility determinations; and
(6)  whether the case will require testimony from expert witnesses.

Montgomery, 294 F.3d at 499 (citing Tabron, 6 F.3d at 155-57). Since Montgomery, the Third Circuit Court of Appeals added two (2) other factors to be taken into consideration: (1) the court's willingness to aid the indigent party in presenting his or her case; and (2) the available supply of lawyers willing to accept § 1915(e) requests within the relevant geographic area. Gordon v. Gonzalez, 232 Fed. Appx. 153, 156 n.4 (3d Cir. 2007).

Here, while the case may have arguable merit against a proper defendant, other factors do not support the appointment of counsel. Plaintiff demonstrates the ability to present comprehensible arguments. The legal issues are relatively simple and will not require expert testimony. Further, investigation of the facts does not seem beyond Plaintiff's capabilities. Finally, it is noted that this Court does not have a large group of lawyers at its disposal to appoint as counsel in actions such as this, nor confident that an attorney could be found who would represent this action in a <u>pro bono</u> capacity.

Based on the foregoing, it does not appear that Plaintiff will suffer prejudice if forced to litigate this case on his own. This Court's duty to construe <u>pro se</u> pleadings liberally, <u>Haines v. Kerner</u>, 404 U.S. 519 (1972), coupled with Plaintiff's apparent ability to litigate this action, militate against the appointment of counsel. In the event, however, that future proceedings demonstrate the need for counsel, the matter may be reconsidered either <u>sua sponte</u> or upon motion of Plaintiff.

**<u>Conclusion</u>**

For the reasons set forth herein, the R&R will be adopted in its entirety. Also, Plaintiff's motion for leave to proceed <u>in forma pauperis</u> will be granted, but his motion to appoint counsel will be denied without prejudice. This action will be remanded to Magistrate Judge Blewitt for further proceedings.

A separate Order will be issued.

Date: July 30, 2013

**United States District Judge**